**ORIGINAL**

FILED IN CHAMBERS
U.S.D.C. Atlanta

JUL 1 3 2022

Kevin P. Weimer, Clerk
By: _____
        Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>MICKY LEE WAGNER<br>  A/K/A CLIFTON LEIGH<br>    WAGNER MARTIN,<br>  A/K/A MICKEY LEE WAGNER,<br>  A/K/A LEIGH WAGNER,<br>  A/K/A MICHY WAGNER,<br>  A/K/A LEE WAGNER,<br>  A/K/A DR. LEIGH | Criminal Indictment<br><br>No. 1:22-CR244 |

THE GRAND JURY CHARGES THAT:

### Counts 1 through 10
### (Wire Fraud)

1. Beginning on a date unknown, but from at least in or about December 2018, and continuing through at least in or about April 2019, in the Northern District of Georgia and elsewhere, the defendant, MICKY LEE WAGNER a/k/a Clifton Leigh Wagner Martin, a/k/a Mickey Lee Wagner, a/k/a Leigh Wagner, a/k/a Michy Wagner, a/k/a Lee Wagner, a/k/a Dr. Leigh, aided and abetted by others unknown to the Grand Jury, did knowingly devise and intend to devise a scheme and artifice to defraud, and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, and by omission of material facts, well knowing and having reason to know that the pretenses, representations, and promises were and would be false and fraudulent

when made and caused to be made and that said omissions were and would be material.

## Background

At all times relevant to the Indictment:

2. Defendant WAGNER was the owner and Chief Executive Officer of Right Step Staffing, Inc., in Atlanta, Georgia. Right Step Staffing was purportedly a personnel staffing company that provided temporary employees to businesses in need of employees.

3. Prosperity Funding, Inc., was a funding company in Fort Lauderdale, Florida. Prosperity provided financing to businesses, including personnel staffing companies, through invoice factoring, payroll finance, purchase order finance, and asset-based loans. A significant part of Prosperity's business involved providing funding to personnel staffing companies around the country.

4. In a typical relationship with a personnel staffing company, Prosperity would advance funds to the staffing company by purchasing certain accounts receivable of the staffing company for the face value owed on those accounts, minus certain fees. The staffing company would direct its business customers to pay Prosperity directly. When the staffing company's customers paid Prosperity, the payments reduced the amount that the staffing company owed to Prosperity based on Prosperity's prior advances.

5. The funding that Prosperity provided to staffing companies allowed them to meet their own financial obligations. Staffing companies' revenues often come in irregular intervals that do not match the timing of their expense obligations.

For example, a staffing company may provide staffing to a manufacturing business. The staffing company's employees work for the manufacturer, and the manufacturer agrees to pay the staffing company for its services. The staffing company typically needs to pay these employees on a weekly or bi-weekly basis, but the manufacturer may not be obligated to pay the staffing company for a month or potentially longer. As a result, the staffing company has expenses it must pay now (payroll), but those expenses are associated with revenues it may not receive for a month or longer. Prosperity solved this common problem for staffing companies by purchasing their accounts, so the staffing companies could meet payroll and other obligations. In exchange, the staffing companies agreed to have their customers pay Prosperity directly the amounts due on the invoices that the staffing companies issued to their customers.

6. Kruse & Associates was a professional employee organization in Tulsa, Oklahoma. Kruse provided businesses with payroll services, including writing payroll checks, administering employment benefits, filing taxes, and handling other employer-related functions necessary to running a business.

7. Defendant WAGNER used Kruse to handle payroll services for Right Step Staffing. Right Step Staffing sent invoices to Kruse and Prosperity that supposedly showed the amount of work that temporary employees of Right Step Staffing performed for customers. Based on the invoices, Prosperity paid Kruse, which in turn wrote payroll checks for Right Step Staffing's purported employees and mailed them to Right Step Staffing for distribution to the employees. Prosperity also sent Right Step Staffing a direct payment based on

the invoices which included an amount intended to be profit for the staffing company.

## Scheme to Defraud

8. On or about December 6, 2018, defendant WAGNER (using the name Clifton Leigh Wagner Martin), as the CEO of Right Step Staffing, executed a Factoring and Security Agreement with Prosperity. Under the agreement, Prosperity would purchase customer accounts from, and advance funds to, Right Step Staffing. In return, Right Step Staffing would direct customers associated with those accounts to make payments directly to Prosperity.

9. After entering the agreement with Prosperity, defendant WAGNER caused invoices for accounts to be sent to Prosperity and Kruse that appeared legitimate on their face. These invoices appeared to reflect amounts that major companies, like Kroger Distribution, Material in Motion, Duracell, and Clorox, owed to Right Step Staffing for providing temporary employees. Defendant WAGNER also provided contracts purporting to show a business relationship between Right Step Staffing and these companies.

10. Defendant WAGNER further caused email contact information to be sent to Prosperity that appeared to belong to representatives of these companies so that Prosperity could confirm that Right Step Staffing had a relationship with its purported customers. Prosperity emailed some of the contacts provided by defendant WAGNER in an effort to verify that the invoices presented were legitimate.

11. In truth, Right Step Staffing did not have any relationship with these companies as claimed and did not provide any temporary employees to them. The invoices and contracts that defendant WAGNER provided to Prosperity were false and fraudulent, sent in furtherance of defendant WAGNER's scheme to defraud Prosperity.

12. Similarly, the email addresses that defendant WAGNER provided to Prosperity were fraudulent. Defendant WAGNER deceptively created email addresses to appear as if they belonged to legitimate corporations. But, in truth, the email addresses did not belong to Kroger Distribution, Material in Motion, Duracell, and Clorox, as appeared, or to real representatives of those companies. The verifications that Prosperity received from these email addresses were false and fraudulent, also part of defendant WAGNER's scheme to defraud.

13. The fraudulent invoices that defendant WAGNER caused to be sent to Prosperity identified purported employees, falsely claimed that they worked for Right Step Staffing, and falsely claimed that these individuals worked hours as temporary employees for businesses.

14. In truth, the employees identified in the fraudulent invoices did not perform work on behalf of Right Step Staffing for the companies, including Kroger Distribution, Material in Motion, Duracell, and Clorox, as claimed. The invoices listed the names of real people who did not know that defendant WAGNER had used their names to defraud Prosperity.

15. Based on defendant WAGNER's fraudulent invoices, Prosperity provided funding and Kruse wrote payroll checks made payable to the purported

employees listed. Kruse mailed the checks to Right Step Staffing. Upon receipt, defendant WAGNER deposited them and spent the proceeds on himself and his personal interests.

16. Defendant WAGNER's personal use of these fraudulent proceeds included purchasing real estate, luxury vehicles, plastic surgery, and a Royal Caribbean cruise.

17. In furtherance of his scheme to defraud, defendant WAGNER caused over $6 million in fraudulent invoices to be presented that falsely claimed Right Step Staffing had supplied temporary workers for legitimate businesses. Prosperity paid over $5 million based on these fraudulent invoices.

### Execution of Scheme to Defraud

18. On or about each of the dates set forth below, in the Northern District of Georgia and elsewhere, defendant WAGNER, aided and abetted by others unknown to the Grand Jury, with intent to defraud, and for the purpose of executing the aforesaid scheme and artifice to defraud, caused the following wire communications to be transmitted in interstate commerce:

| COUNT | DATE | INTERSTATE WIRE COMMUNICATION |
| --- | --- | --- |
| 1 | 1/24/2019 | Transfer in the amount of $6,611.61 from the Wells Fargo account of Prosperity Funding, Inc., to the Wells Fargo account of Right Step Staffing, Inc. |
| 2 | 2/14/2019 | Transfer in the amount of $30,893.76 from the Wells Fargo account of Prosperity Funding, Inc., to the Wells Fargo account of Right Step Staffing, Inc. |

| COUNT | DATE | INTERSTATE WIRE COMMUNICATION |
|---|---|---|
| 3 | 2/20/2019 | Transfer in the amount of $50,000.00 from the Wells Fargo account of Prosperity Funding, Inc., to the Wells Fargo account of Right Step Staffing, Inc. |
| 4 | 2/27/2019 | Transfer in the amount of $11,931.94 from the Wells Fargo account of Prosperity Funding, Inc., to the Wells Fargo account of Right Step Staffing, Inc. |
| 5 | 3/6/2019 | Transfer in the amount of $22,860.28 from the Wells Fargo account of Prosperity Funding, Inc., to the Wells Fargo account of Right Step Staffing, Inc. |
| 6 | 3/14/2019 | Transfer in the amount of $35,110.79 from the Wells Fargo account of Prosperity Funding, Inc., to the Wells Fargo account of Right Step Staffing, Inc. |
| 7 | 3/20/2019 | Transfer in the amount of $30,165.78 from the Wells Fargo account of Prosperity Funding, Inc., to the Wells Fargo account of Right Step Staffing, Inc. |
| 8 | 3/26/2019 | Transfer in the amount of $51,526.59 from the Wells Fargo account of Prosperity Funding, Inc., to the Wells Fargo account of Right Step Staffing, Inc. |
| 9 | 4/2/2019 | Transfer in the amount of $49,398.75 from the Wells Fargo account of Prosperity Funding, Inc., to the Wells Fargo account of Right Step Staffing, Inc. |
| 10 | 4/10/2019 | Transfer in the amount of $77,040.16 from the Wells Fargo account of Prosperity Funding, Inc., to the Wells Fargo account of Right Step Staffing, Inc. |

All in violation of Title 18, United States Code, Section 1343 and Section 2.

### Counts 11 through 13
### (Aggravated Identity Theft)

19. The Grand Jury re-alleges and incorporates by reference paragraphs 2 through 17 of this Indictment as if fully set forth herein.

20. From in or about February 2019 through in or about April 2019, in the Northern District of Georgia and elsewhere, the defendant, MICKY LEE

WAGNER a/k/a Clifton Leigh Wagner Martin, a/k/a Mickey Lee Wagner, a/k/a Leigh Wagner, a/k/a Michy Wagner, a/k/a Lee Wagner, a/k/a Dr. Leigh, aided and abetted by others unknown to the Grand Jury, did knowingly possess and use, without lawful authority, a means of identification of another person, those persons being identified below, during and in relation to committing the felony violations of wire fraud as alleged in Counts 4 through 9:

| COUNT | INDIVIDUAL VICTIM |
|---|---|
| 11 | R.M. |
| 12 | A.R. |
| 13 | L.D. |

All in violation of Title 18, United States Code, Section 1028A(a)(1) and Section 2.

### Counts 14 through 18
### (Money Laundering)

21. The Grand Jury re-alleges and incorporates by reference paragraphs 2 through 17 of this Indictment as if fully set forth herein.

22. On or about the dates set forth below, in the Northern District of Georgia and elsewhere, the defendant, MICKY LEE WAGNER a/k/a Clifton Leigh Wagner Martin, a/k/a Mickey Lee Wagner, a/k/a Leigh Wagner, a/k/a Michy Wagner, a/k/a Lee Wagner, a/k/a Dr. Leigh, aided and abetted by others unknown to the Grand Jury, did knowingly engage and attempt to engage in the monetary transactions described below in criminally derived property of a value

8

greater than $10,000, consisting of the deposit, withdrawal, transfer, and exchange, in and affecting interstate and foreign commerce, of funds and monetary instruments by, through, and to a financial institution, such property having been derived from a specified unlawful activity, that is, wire fraud, in violation of Title 18, United States Code, Section 1343:

| COUNT | DATE | TRANSACTION | AMOUNT | PAYEE |
|---|---|---|---|---|
| 14 | 1/28/2019 | Withdrawal by check from Right Step Staffing, Inc.'s Wells Fargo account | $56,493.46 | Mercedes Benz of South Atlanta |
| 15 | 2/22/2019 | Transfer from defendant WAGNER's Wells Fargo account | $565,000 | Weissman Residential Closing Escrow |
| 16 | 3/1/2019 | Withdrawal by check from Right Step Staffing, Inc.'s Wells Fargo account | $60,500 | Atlanta Fine Cars |
| 17 | 3/14/2019 | Transfer from Right Step Staffing, Inc.'s Wells Fargo account | $257,000 | Defendant WAGNER's Wells Fargo account |
| 18 | 4/5/2019 | Transfer from Right Step Staffing, Inc.'s Wells Fargo account | $300,000 | Defendant WAGNER's Wells Fargo account |

All in violation of Title 18, United States Code, Section 1957 and Section 2.

### Forfeiture Provision

23. Upon conviction of one or more of the offenses alleged in Counts 1 through 10 of this Indictment, the defendant, MICKY LEE WAGNER a/k/a Clifton Leigh Wagner Martin, a/k/a Mickey Lee Wagner, a/k/a Leigh Wagner,

a/k/a Michy Wagner, a/k/a Lee Wagner, a/k/a Dr. Leigh, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to said violations, including, but not limited to:

   a. 2016 Bentley Flying Spur VIN SCBEC9ZA9GC053241;
   b. 2020 Mercedes Benz GLE VIN 4JGFB4KE2LA036853;
   c. 2015 Land Rover Range Rover VIN SALGS2TF8FA217375;
   d. 2015 Dodge Ram VIN ZFBERFAT1F6A39487; and
   e. a personal forfeiture money judgment, that is, a sum of money in United States currency, representing the amount of proceeds obtained as a result of the offenses alleged in the specified counts of this Indictment.

24. Upon conviction of one or more of the offenses alleged in Counts 14 through 18 of this Indictment, the defendant, MICKY LEE WAGNER a/k/a Clifton Leigh Wagner Martin, a/k/a Mickey Lee Wagner, a/k/a Leigh Wagner, a/k/a Michy Wagner, a/k/a Lee Wagner, a/k/a Dr. Leigh, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 982(a)(1), any property, real or personal, involved in such offense, and any property traceable to such property. The property to be forfeited includes, but is not limited to, the following:

   a. 2016 Bentley Flying Spur VIN SCBEC9ZA9GC053241;
   b. 2020 Mercedes Benz GLE VIN 4JGFB4KE2LA036853;

10

      c. 2015 Land Rover Range Rover VIN SALGS2TF8FA217375; and

      d. 2015 Dodge Ram VIN ZFBERFAT1F6A39487.

25. If, as a result of any act or omission of the defendant, property subject to forfeiture:

    (a) cannot be located upon the exercise of due diligence;

    (b) has been transferred to, sold to, or deposited with, a third party;

    (c) has been placed beyond the jurisdiction of the Court;

    (d) has been substantially diminished in value; or

    (e) has been commingled with other property, which cannot be divided without difficulty,

the United States intends, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 21, United States Code, Section 2461(c), to seek

forfeiture of other property of the defendant up to the value of the forfeitable property described above.

A ___True___ BILL

_____
FOREPERSON

RYAN K. BUCHANAN
*United States Attorney*

/s/ *S.H. McC*

STEPHEN H. MCCLAIN
  *Assistant United States Attorney*
Georgia Bar No. 143186

600 U.S. Courthouse
75 Ted Turner Drive SW
Atlanta, GA 30303
404-581-6000; Fax: 404-581-6181