IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>*v.*<br><br>MICKY LEE WAGNER | Criminal Action No.<br><br>1:22-cr-00244-JPB |

## MOTION FOR PRELIMINARY ORDER OF FORFEITURE

The United States of America, by Ryan K. Buchanan, United States Attorney, and Sekret T. Sneed, Assistant United States Attorney, for the Northern District of Georgia, respectfully moves the Court, pursuant to Federal Rule of Criminal Procedure 32.2(b), for a preliminary order of forfeiture against the defendant, Micky Lee Wagner. A proposed preliminary order of forfeiture is filed concurrently herewith. In support, the Government submits the Affidavit of FBI Special Agent Kodi Nordahl and shows the Court the following:

**1. Relevant Procedural History**

On July 13, 2022, a grand jury, sitting in the Northern District of Georgia, returned an eighteen-count criminal indictment against the defendant, Micky Lee Wagner, for multiple counts of wire fraud in violation of 18 U.S.C. § 1343, aggravated identity theft in violation of 18 U.S.C. § 1028A and money laundering in violation of 18 U.S.C. § 1957 relating to a scheme that targeted factoring companies. (Doc. 1.) The indictment included a forfeiture provision that notified the Defendant that, upon conviction, the United States would seek to forfeit

property constituting, or derived from, proceeds traceable to the wire fraud scheme and property involved in, or traceable to, the money laundering offenses. (Doc. 1, at pp. 9-12.)[1]

On April 24, 2024, the Defendant pleaded guilty to one count of wire fraud and one count of aggravated identity theft, pursuant to a written plea agreement. (Doc. 37-1.) In the plea agreement, the Defendant, among other things, agreed "to waive any and all constitutional, statutory, and equitable challenges in any manner (including direct appeal, habeas corpus, or any other means) to the seizure, forfeiture, and disposal of any property connected to this case on any grounds." (*Id.*, at p. 9.)

The following real property was purchased with proceeds of the wire fraud scheme to which the Defendant pleaded guilty and, therefore, is subject to forfeiture:

> Real property located at 530 West 10th Street, Kansas City, Jackson County, Missouri 64105, and all buildings, appurtenances, improvements and attachments thereon, more fully described as: Unit 530, Building No. 23, Case Chouteau Condominium, a condominium subdivision in Kansas City, Jackson County, Missouri, filed in the Condominium Plat Document No. 2008E0013766, together with all of the respective undivided interest in and to the common elements and limited common

---

[1] The Indictment identified four vehicles for forfeiture, but after further analysis, the United States has elected to not pursue forfeiture of these vehicles.

elements as shown on the Condominium Plat and established by the Declaration of Condominium filed as Document No. 2008E13860 as amended by instrument filed May 13, 2008 as Document No. 2008E52260, as amended by instrument filed March 19, 2009 as Document No. 2009E0025648,

(hereinafter, "Real Property"). Accordingly, the government requests that the Court enter a preliminary order of forfeiture pursuant to Federal Rule of Criminal Procedure 32.2(b).

## 2. Argument and Citation to Authority

Rule 32.2(b) of the Federal Rules of Criminal Procedure requires a court to enter a preliminary order of forfeiture, after a guilty plea or verdict of guilty, once the court determines "property is subject to forfeiture under the applicable statute":

As soon as practical after a verdict or finding of guilty, or after a plea of guilty or nolo contendere is accepted, on any count in an indictment or information regarding which criminal forfeiture is sought, the court must determine what property is subject to forfeiture under the applicable statute. If the government seeks forfeiture of specific property, the court must determine whether the government has established the requisite nexus between the property and the offense . . ..

Fed. R. Crim. P. 32.2(b)(1)(A). *See also United States v. Monsanto*, 491 U.S. 600, 606 (1989) ("Congress could not have chosen stronger words to express its intent that forfeiture be mandatory in cases where the statute applied . . ."); *United States v.*

*Brummer*, 598 F.3d 1248, 1250 (11th Cir. 2020) (rejecting the defendant's contention that district court had discretion to decline to order forfeiture); *United States v. Gilbert*, 244 F.3d 888, 909 (11th Cir. 2001) ("order of forfeiture is a required element of sentencing"). A court may base its determination on whether property identified for forfeiture is subject to forfeiture on "evidence already in the record," and "any additional record or information submitted by the parties and accepted by the court as relevant and reliable." Fed. R. Crim P. 32.2(b)(1)(B). The government must prove forfeiture by a preponderance of the evidence. *United States v. Hasson*, 333 F.3d 1264, 1277-1278 (11th Cir. 2003).

Here, the applicable statute mandates forfeiture of the Real Property because there is a nexus between the property and an offense of conviction. Specifically, the Defendant pleaded guilty to wire fraud in violation of 18 U.S.C. § 1343. 18 U.S.C. § 981(a)(1)(C), which governs forfeiture for such violations, provides that "[a]ny property, real or personal, which constitutes or is derived from proceeds traceable to a violation of . . . any offense constituting "specified unlawful activity' (as defined in section 1956(c)(7) of this title) . . ." is subject to forfeiture. Wire fraud is a specified unlawful activity identified in 18 U.S.C. § 1961(1) as incorporated in 18 U.S.C. § 1956(c)(7)(A). 28 U.S.C. § 2461(c) makes forfeiture mandatory upon conviction. *See* 28 U.S.C. § 2461(c) ("If a defendant is convicted of the offense giving rise to the forfeiture, the court shall order the forfeiture of the property as part of the sentence in the criminal case pursuant to the Federal Rules of Criminal Procedure"). The Real Property here was purchased with proceeds of the scheme, that is, funds that victims of the scheme deposited into the Defendant's bank

4

account. The Real Property, therefore, is property derived from proceeds of the wire fraud scheme and the Defendant's interest must be forfeited.

Specifically, as reflected in the Presentence Investigation Report ("PSR"), from approximately December 2018 through at least April 2019, the Defendant executed a scheme targeting factoring companies. (PSR, ¶¶ 10-12.) As part of the scheme, the Defendant represented himself as the CEO, CFO and Secretary of a purported personnel staffing company named Right Step Staffing, Inc. ("RSSI"). (*Id.*, ¶ 12.) The Defendant made false and fraudulent representations to Prosperity Funding, Inc. ("Prosperity"), a factoring company, that RSSI provided temporary workers to major companies and that such companies owed payments to RSSI for these workers. (*Id.*, ¶ 13.) Based upon these fraudulent representations, Prosperity agreed to purchase RSSI's accounts receivable, (*id.*), and provided millions of dollars to Kruse & Associates, which handled payroll services for RSSI, for payment to RSSI's purported employees. (*Id.*, ¶¶ 14-15.) The funds, however, were not used to pay any employees, but instead were diverted to bank accounts controlled by the Defendant, specifically, Wells Fargo Bank account ending 3493. (*Id.*, ¶ 15.)

Wells Fargo account ending 3493 ("RSSI account") was opened on May 21, 2018 in the name of Right Step Staffing, Inc. and Lee Wagner. (Aff. of Kodi Nordahl ["Nordahl Aff."], ¶ 4.) Lee Wagner is one of the Defendant's aliases. (*Id.*, ¶ 5.) The RSSI account was funded primarily by deposits from Prosperity and Kruse & Associates. (*See id.*, ¶ 6.) On the same date that the Defendant opened the RSSI account, he opened Wells Fargo account ending 3485 in the name of Lee Wagner

("Wagner account"). (*See id.*) The Wagner account was primarily funded with funds from the RSSI account. (*See id.*)

On or about April 5, 2019, the Defendant wired $205,000, which was the total sales price, from the Wagner account to Secured Title of Kansas City, LLC to purchase the Real Property. (Nordahl Aff., ¶¶ 7-11.) Because the Real Property was purchased with proceeds of the scheme to which the Defendant pleaded guilty, there is a requisite nexus between the property and the offense and forfeiture is mandatory. *See United States v. Lo*, 839 F.3d 777, 792-794 (9th Cir. 2016) (finding that a court is authorized to order forfeiture of funds obtained from an entire scheme to defraud); *United States v. Venturella*, 585 F.3d 1013 (7th Cir. 2009) (same).

Accordingly, the Court "must promptly enter" a preliminary order of forfeiture that forfeits the Defendant's interest "without regard to any third party's interest in the property." Fed. R. Crim. P. 32.2(b)(2)(A).

## Conclusion

For all the foregoing reasons, the United States respectfully requests that the Court issue a preliminary order of forfeiture that forfeits the Defendant's interest in the Real Property to the United States.

Respectfully submitted,
RYAN K. BUCHANAN
*United States Attorney*

/s/SEKRET T. SNEED
*Assistant United States Attorney*
Georgia Bar No. 252939
sekret.sneed@usdoj.gov